**JENNIFER BERGH**
Nevada Bar No. 14480
**QUILLING SELANDER LOWNDS WINSLETT & MOSER, P.C.**
2001 Bryan Street, Suite 1800
Dallas, Texas 75201
Telephone: (214) 560-5460
Facsimile:  (214) 871-2111
jbergh@qslwm.com
COUNSEL FOR TRANS UNION LLC

**Designated Attorney for Personal Service**
Trevor Waite, Esq.
Nevada Bar No.: 13779
6605 Grand Montecito Parkway, Suite 200
Las Vegas, Nevada 89149

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| JON GABRIEL HEY,<br><br>                  Plaintiff,<br><br>v.<br><br>KIA MOTORS FINANCE, TRANS UNION LLC, and HYUNDAI CAPITAL AMERICA,<br><br>                  Defendants. | Case No. 2:20-cv-01876-KJD-NJK<br><br>**DEFENDANT TRANS UNION LLC'S ANSWER TO PLAINTIFF'S COMPLAINT AND JURY DEMAND** |

COMES NOW, Trans Union LLC ("Trans Union"), the named Defendant herein, and by and through counsel, files its Answer and Defenses to Plaintiff's Complaint ("Complaint") filed by Jon Gabriel Hey ("Plaintiff"). The paragraph numbers below correspond to the paragraphs contained in the Complaint, to the extent possible.

**I. PRELIMINARY STATEMENT**

1.     Trans Union admits that Plaintiff has asserted claims against Defendants for alleged violations of the Fair Credit Reporting Act ("FCRA") 15 U.S.C. § 1681 *et seq*. Trans Union denies the remaining allegations contained in paragraph 1 of the Complaint.

4732021.2

## II. JURISDICTION AND VENUE

### A. JURISDICTION OF THE COURT

2. Trans Union admits that jurisdiction is proper in this Court.

### B. VENUE

3. Trans Union, solely based on the allegations contained in the Complaint, admits that venue is proper in the District of Nevada. Trans Union further admits that that it is authorized to do business within the State of Nevada. Trans Union denies the remaining allegations contained in paragraph 3 of the Complaint.

## III. PARTIES

4. Trans Union admits that Plaintiff is a natural person. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 4 of the Complaint and, therefore, denies same.

5. Trans Union admits that Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a(c) of the FCRA.

6. Trans Union admits that it is a foreign corporation authorized to do business within the State of Nevada. Trans Union denies the remaining allegations contained in paragraph 6 of the Complaint.

7. Trans Union admits that it is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f) of the FCRA.

8. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the Complaint and, therefore, denies same.

9. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Complaint and, therefore, denies same.

10. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the Complaint and, therefore, denies same.

4732021.2

11. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the Complaint and, therefore, denies same.

### IV. GENERAL ALLEGATIONS

12. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the Complaint and, therefore, denies same.

13. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the Complaint and, therefore, denies same.

14. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the Complaint and, therefore, denies same.

15. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of the Complaint and, therefore, denies same.

16. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of the Complaint and, therefore, denies same.

17. Trans Union admits that it received correspondence from Plaintiff regarding a Kia Motors Finance account. Trans Union further admits that the paragraph 17 of the Complaint contains an accurate excerpt of the correspondence it received.

18. Trans Union admits that, at certain limited times, Kia Motors Finance was reporting account #...9617 with the remarks of "PAID IN FULL/WAS A CHARGE OFF" and as charged off from June 2016 to November 2017. Trans Union denies the remaining allegations contained in paragraph 18 of the Complaint.

19. Trans Union denies the allegations contained in paragraph 19 of the Complaint.

20. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of the Complaint and, therefore, denies same.

21. Trans Union denies the allegations contained in paragraph 21 of the Complaint.

## V. CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF

22. Trans Union restates and incorporates its responses to paragraphs 1 through 21 above as though fully stated herein.

23. Trans Union denies the allegations contained in paragraph 23 of the Complaint.

24. Trans Union denies the allegations contained in paragraph 24 of the Complaint.

25. Trans Union denies the allegations contained in paragraph 25 of the Complaint.

26. Trans Union denies the allegations contained in paragraph 26 of the Complaint.

### SECOND CLAIM FOR RELIEF

27. Trans Union restates and incorporates its responses to paragraphs 1 through 26 above as though fully stated herein.

28. Trans Union denies the allegations contained in paragraph 28 of the Complaint.

29. Trans Union denies the allegations contained in paragraph 29 of the Complaint.

30. Trans Union denies the allegations contained in paragraph 30 of the Complaint.

31. Trans Union denies the allegations contained in paragraph 31 of the Complaint.

### THIRD CLAIM FOR RELIEF

32. Trans Union restates and incorporates its responses to paragraphs 1 through 31 above as though fully stated herein.

33. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 33 of the Complaint and, therefore, denies same.

34. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 34 of the Complaint and, therefore, denies same.

35. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 35 of the Complaint and, therefore, denies same.

36. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 36 of the Complaint and, therefore, denies same.

## VI. PRAYER FOR RELIEF

Trans Union denies the allegations in the Prayer for Relief paragraph of the Complaint, including all subparts.

## VII. JURY DEMAND

Trans Union admits that Plaintiff demands a jury trial.

## DEFENSES

37. At all relevant times, Trans Union maintained and followed reasonable procedures to avoid violations of the FCRA and assure maximum possible accuracy of the information concerning Plaintiff in preparing consumer reports related to Plaintiff.

38. Any alleged damages to Plaintiff, which Trans Union continues to deny, are the result of the acts or omissions of Plaintiff or others, over whom Trans Union has no control and for whom Trans Union has no responsibility.

39. Trans Union, in compliance with the FCRA, reasonably and completely reinvestigated and verified, updated, or removed all information disputed by Plaintiff.

40. Trans Union at all times acted in compliance with the FCRA.

41. Trans Union has not published any false, inaccurate or defamatory information to a third-party regarding Plaintiff and has not acted with negligence, malice, actual malice, or willful intent to injure.

42. Some or all of Plaintiff's claims against Trans Union are barred by the applicable statute of limitations.

4732021.2

5

43. Plaintiff's claims for exemplary or punitive damages and the FCRA damage model violate the Due Process Clause of the Fourteenth Amendment and the laws of the State of Nevada.

44. To the extent Trans Union could be found liable, Plaintiff was comparatively/contributorily negligent.

45. Any alleged damages to Plaintiff, which Trans Union continues to deny, were caused in whole or in part by an intervening or superseding cause.

46. Plaintiff lacks standing to assert the claims alleged in this action against Trans Union.

47. The Court lacks subject matter jurisdiction over the claims asserted in this action against Trans Union.

48. Plaintiff's claim for declaratory relief is not authorized, provided for, or allowed under the FCRA.

WHEREFORE, PREMISES CONSIDERED, Defendant Trans Union LLC, respectfully requests that this Honorable Court deny the relief requested in Plaintiff's Complaint, dismiss the action in its entirety, grant Trans Union its costs of suit and expenses incurred herein, including reasonable attorneys' fees, and for such other and further relief as the Court deems just.

Dated this 8th day of December 2020.

QUILLING SELANDER LOWNDS
WINSLETT & MOSER, P.C.

*/s/ Jennifer Bergh*
Jennifer Bergh
Nevada Bar No. 14480
2001 Bryan Street, Suite 1800
Dallas, Texas 75201
Telephone: (214) 560-5460
Facsimile: (214) 871-2111
jbergh@qslwm.com
**COUNSEL FOR TRANS UNION LLC**

4732021.2

6

**CERTIFICATE OF SERVICE**

I hereby certify that on this the 8th of December 2020, I filed **DEFENDANT TRANS UNION LLC'S ANSWER TO PLAINTIFF'S COMPLAINT** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following counsel:

| | |
|---|---|
| Jamie S. Cogburn | Christopher R. Murphy |
| jsc@cogburncares.com | chris.murphy@hklaw.com |
| Erik W. Fox | Holland & Knight |
| wf@cogburncares.com | 150 N. Riverside Plaza, Suite 2700 |
| Nevada Bar No. 8804 | Chicago, IL 60606 |
| 2580 St. Rose Parkway, Suite 330 | (312) 715-5722 |
| Henderson, Nevada 89074 | **Counsel for Hyundai Capital America, Inc.** |
| (702) 748-7777 | |
| (702) 966-3880 Fax | |
| **Counsel for Plaintiff** | |

                    /s/ Jennifer Bergh
                    **JENNIFER BERGH**

4732021.2

7